UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

FATHER BILLS & YAWKEY HOUSING ORGANIZATION, KELLY (DIRECTOR), KAREN MILNER, BROCKTON POLICE DEPT., QUINCY POLICE DEPT.,

Defendants.

26-CV-5482 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 18 U.S.C. § 1905, 5 U.S.C. § 574, and 18 U.S.C. § 2261, alleging unsafe conditions, harassment, and neglect of Plaintiff's safety in Brockton, Massachusetts, and Quincy, Massachusetts. Named as Defendants are Father Bills & Yawkey Housing Organization ("Father Bills" or "Yawkey"), Kelly (presumably a director at Yawkey), Karen Milner (presumably an employee of Yawkey), the Brockton Police Department ("Brockton PD"), and Quincy Police Department ("Quincy PD"). Plaintiff provides two addresses in Brockton, Massachusetts and one in Quincy, Massachusetts, for the Yawkey Defendants; a Brockton, Massachusetts address for Brockton PD; and a Quincy, Massachusetts address for Quincy PD. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Massachusetts.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

> this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that individuals staying in Father Bills Quincy and Brockton shelters harassed her and Father Bills staff neglected to address safety issues at the shelters. (ECF 1 at 3–5.) Plaintiff does not plead the residence of Defendants Kelly or Karen Milner. Plaintiff otherwise pleads the addresses of Yawkey, Brockton PD, and Quincy PD and asserts that the alleged events giving rise to her claims occurred in Brockton, Massachusetts or Quincy, Massachusetts. Because Defendants are employed at Brockton, Massachusetts or Quincy, Massachusetts and the alleged events occurred in Brockton, Massachusetts and Quincy, Massachusetts, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brockton, Massachusetts and Quincy, Massachusetts, which is in the District of Massachusetts. *See* 28 U.S.C. § 101. Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees and whether her motion for pro bono counsel should be granted are determinations to be made by the transferee court. Summonses shall not issue from this Court. The Clerk of Court is directed to terminate the motion at ECF 4 in this case. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 15, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge